IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GREGORY R. BOWEN                                                                    PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:14cv594-FKB-FKB

SHERIFF TYRONE LEWIS                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment [27] filed by Defendant Sheriff Tyrone Lewis, in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff, Gregory R. Bowen, has not responded to the motion. The Court held an Omnibus Hearing in this matter, at which time the parties consented to proceed before the undersigned United States Magistrate Judge, and the District Judge subsequently entered an Order of Reference. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Bowen is proceeding in this matter *in forma pauperis* and *pro se*. For the reasons explained in this opinion, the Court finds that the motion for summary judgment should be granted on the basis that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. 1997e(a).

### I.  CLAIMS

Bowen alleges that his constitutional rights were violated during his confinement at the Hinds County Detention Center ("HCDC"). Former Sheriff Tyrone Lewis is the only defendant in this action. In Bowen's Complaint [1] signed on July 14, 2014, and filed in this Court on August 4, 2014, he alleges a number of broad claims regarding the conditions of confinement at HCDC. The majority of Bowen's claims appear to date back to July 2013, when he was held in the booking area of the facility for an unspecified period of time. [1] at 5. He asserts that housing in the booking area was overcrowded with both convicted inmates and pretrial

detainees; that he lacked hygiene products, access to showers, and changes of clothes; and that he was housed with sick people who needed medical attention. *Id.* His complaint also presents allegations regarding an unspecified month in which he was housed in unit B-2, where he allegedly experienced mold and gnats in the showers, exposure to naked wires, and lack of light in his cell. *Id.* In his Complaint, Bowen states that he has sued Lewis because the conditions he allegedly experienced "could lead to future health problems." *Id.* at 4.

At the omnibus hearing, Bowen expanded his claims to include ones based upon the time period of May to August 2014. [27-1] at 7-8. Contrary to his Complaint, [1] at 1, he alleged that he was a pretrial detainee during his period of confinement at the HCDC. [27-1] at 6. At the hearing, he clarified that he was housed in the booking area for about two weeks in January 2014. *Id.* at 11. Although he asserted that he had been denied prescription psychiatric medication during those two weeks, *id.* at 7, 12, he admitted that he received his medication thereafter. *Id.* at 15. Subsequently, he was moved to two other cells in Units B and C, where, he alleged, he had to flush his toilet with a bucket of water for about one month, the water was not "fit to drink," and his lights did not work properly. *Id.* at 8-9, 14. Even so, Bowen admitted that he did not suffer any injuries as a result of his conditions of confinement. *Id.* at 8, 15.

Bowen also testified regarding his attempts to exhaust his administrative remedies. He alleged that he filed an administrative grievance related to these claims, some dating back to 2013, about two and one-half weeks before signing his Complaint on July 14, 2014, and which was filed with the Court on August 4, 2014. He stated that he never received a response from the grievance before he was transferred to another facility on August 12, 2014. *Id.* at 10.

Defendant has filed a motion for summary judgment, arguing that he is entitled to

dismissal on the merits of the case. In addition, Defendant Lewis argues that Bowen has failed to exhaust his administrative remedies. As explained below, the Court finds sufficient evidence in the record to grant summary judgment on the basis that Bowen failed to exhaust his administrative remedies.

## II. RELEVANT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 119 S.Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

Statutory law and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before bringing a § 1983 action in federal court. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 (PLRA),

states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 121 S.Ct. 1819 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 121 S.Ct. at 1825. The United States Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 122 S.Ct. 983 (2002); *see also Jones v. Bock*, 127 S.Ct. 910 (2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases. In *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Id.* at 788. Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its

conclusion." *Walker v. East Miss. Corr. Facility*, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP before filing his lawsuit).

In this case, Bowen does not allege that he suffered from any ailment which prohibited him from pursuing administrative remedies. *See Ferrington v. Louisiana Dep't of Corr.*, 315 F.3d 529 (5th Cir. 2002)(Plaintiff-inmate's blindness did not excuse him from exhausting administrative remedies.); *see also Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003)(excusing non-exhaustion of administrative remedies because of physical injury and subsequent rejection of grievance due to untimeliness). Exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 739 (2001). Put another way, "[t]he requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program." *Nealy v. Moore*, 2013 WL 6230107, *3 (S.D. Miss. Nov. 30, 2013)(citing *Alexander v. Tippah Co.*, 351 F.3d 626, 630 (5th Cir. 2003)).

Bowen did not assert in his Complaint, or the omnibus hearing, that he had completed the grievance procedure with regard to his claims. Furthermore, at the omnibus hearing, he admitted that he had yet to receive a response to the grievance when he filed this action. Defendant counters that there is no record of the grievance based on these conditions of confinement claims in Bowen's inmate file. Lewis asserts, furthermore, that Bowen was aware of the grievance

system because his inmate record contains two other grievances he submitted during the relevant time period. Those grievances, dated May 6, 2014, and May 15, 2014, do not complain about his conditions of confinement. Rather they relate to his criminal case and question the lack of a preliminary hearing and indictment for the offense with which he had been charged. [27-8], [27-9].

Bare, unsubstantiated allegations of exhaustion simply are not enough to withstand a properly supported motion for summary judgment. *Id.*; *see also Ryan v. Phillips*, 558 Fed. Appx. 477, 478 (5th Cir. 2014)(Prisoner's "conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any informal or formal grievances."). Bowen has failed to respond to the motion, much less come forward with any credible evidence supporting his assertion that he filed an administrative remedy regarding these claims. Accordingly, Lewis is entitled to summary judgment on the basis of Bowen's failure to exhaust administrative remedies.

### III. CONCLUSION

Accordingly, for these reasons, the undersigned hereby grants the Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies filed by Defendant Lewis. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 1st day of May, 2017.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE